**Weil, Gotshal & Manges LLP**

767 Fifth Avenue
New York, NY 10153-0119
+1 212 310 8000 tel
+1 212 310 8007 fax

**Eric S. Hochstadt**
+1 (212) 310-8000
eric.hochstadt@weil.com

BY ECF

July 2, 2021

Hon. Vernon S. Broderick
United States District Judge
Thurgood Marshall
United States Courthouse
40 Foley Square, Room 415
New York, NY 10007

Re: *News Corp. v. CB Neptune Holdings, LLC et al.*, No. 21 Civ. 04610 (VSB)
 <u>Request to File Under Seal and Maintain Redactions</u>

Dear Judge Broderick:

Pursuant to Rules 1.A and 5.B.iii.a. of your Honor's Individual Rules and Practices in Civil Cases ("Individual Rules"), I write on behalf of Defendants CB Neptune Holdings, LLC and CB Neptune Promotions Inc. (collectively, "Neptune") to respectfully request that the Court order the sealing of unredacted versions of the following documents in connection with the contemporaneous filing of Neptune's Motion to Compel Arbitration and, in the Alternative, Motion to Dismiss:

a) Neptune's Memorandum of Law in Support of Their Motion to Compel Arbitration and, in the Alternative, Their Motion to Dismiss (the "Brief");

b) Excerpts of the Share and Asset Purchase Agreement ("SAPA"), attached as **Exhibit 1** to the July 2, 2021 Declaration of Eric S. Hochstadt (the "Declaration");

c) Settlement Agreement between Neptune and News Corporation, attached as **Exhibit 2** to the Declaration;

d) Excerpts of Disclosure Schedule 3.7 to the SAPA, attached as **Exhibit 3** to the Declaration;

e) Neptune's Letter to News Corporation re Final Closing Statement, attached as **Exhibit 4** to the Declaration;

f) News Corporation's Notice of Modifications to the Final Closing Statement ("Notice of Disagreement"), attached as **Exhibit 5** to the Declaration;

g) Neptune's Response to Final Closing Statement and Parent Seller Notice of Disagreement, attached as **Exhibit 6** to the Declaration; and

h) News Corporation's Response to Neptune's October 26, 2020 Letter, attached as **Exhibit 7** to the Declaration (collectively, the "Exhibits") (together with the Brief, the "Documents").

Hon. Vernon S. Broderick  
July 2, 2021  
Page 2

**Weil, Gotshal & Manges LLP**

A public redacted copy of the Brief is being filed on the docket in connection with this sealing request. In support of its request, Neptune submits the following letter-motion. *See* Individual Rule 5.B.ii. Pursuant to Rule 5.B.iii.a., Neptune has conferred with News Corporation's counsel of record regarding the Documents in an effort to narrow the scope of the request, and confirms that News Corporation <u>consents</u> to this request.

**Sealing is Appropriate in this Action**

A district court "has supervisory power over its own records and files," and public access to these records and files "has been denied where court files might have become a vehicle for improper purposes." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). "There is a common law presumption in favor of permitting public access to judicial documents," but "[a] court balances this common law presumption of access against competing comparisons, including the privacy interests of those resisting disclosure." *GoSMiLE, Inc. v. Dr. Jonathan Levine, D.M.D. P.C.*, 769 F. Supp. 2d 630, 649 (S.D.N.Y. 2011) (citing *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006)). Competitively-sensitive information should be protected against public disclosure if the disclosure would cause significant and irreparable competitive injury. *See Standard Inv. Chartered, Inc. v. Fin. Indus. Reg. Auth.*, 347 F. App'x 615, 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *KeyBank Nat'l Ass'n v. Element Transp. LLC*, No. 16 CIV. 8958, 2017 WL 384875, at *3 (S.D.N.Y. Jan. 26, 2017) ("KeyBank asserts that the sensitive nonparty financial information it seeks to protect is all the data a competitor would need to determine its valuation of the leases. This competitive injury is sufficiently serious to warrant protection.").

Courts in this District also routinely seal documents to prevent the disclosure of confidential business information. *See, e.g., Louis Vuitton Malletier S.A. v. Sunny Merch. Corp.*, 97 F. Supp. 3d 485, 511 (S.D.N.Y. 2015) (granting a motion to redact documents containing advertising expenditures and plans, merchandising strategies, policies, and sales); *Playtex Prods., LLC v. Munchkin, Inc.*, No. 14-CV-1308 (RJS), 2016 WL 1276450, at *11 (S.D.N.Y. Mar. 29, 2016) (granting request to seal documents concerning "Playtex's (i) sales and revenue, (ii) analytical testing of the Diaper Genie Refills, (iii) qualitative market research, and (iv) research and development for new products"); *DISH Network L.L.C. vs. ESPN, Inc., et al.*, 09-CV-6875-JGK-FM (S.D.N.Y. 2009), Dkt. 19 (entering a protective order permitting parties to treat as confidential "proprietary information, pricing, rates . . . [,] other non-public commercial, financial, research or technical information" and "agreements with third parties, information regarding current or future business or financial transactions, . . . [and] rates or planning information"); *Regeneron Pharmaceuticals, Inc. v. Novartis Pharma AG et al.*, No. 20-CV-05502 (AJN), Dkt. 86 (S.D.N.Y. 2021) (granting a motion to seal where the "requests [were] narrowly tailored to protect competitive business information, including the non-public terms of patent licensing agreements, commercial development agreements, and the subsequent amendments."); *see also* Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug.

Hon. Vernon S. Broderick
July 2, 2021
Page 3

**Weil, Gotshal & Manges LLP**

12, 2014), Dkt. 91 (granting letter motion to file documents under seal); Endorsed Letter, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Case No. 14-md-2542 (VSB) (S.D.N.Y. Aug. 18, 2014), Dkt. 104 (same).

Here, the Documents relate to an acquisition of an ongoing business by Neptune from News Corporation, the detailed terms and conditions of which are confidential. Namely, Neptune seeks to seal only those documents that contain confidential business terms and reveal competitively sensitive financial information regarding Neptune's business and the valuation of it pre- and post-signing, but that are necessary to understand the current dispute, such as revenue recognition, the disclosure of which would likely result in competitive harm to Neptune. For example, the lengthy acquisition agreement and its exhibits are not public, and disclosure of the acquisition's economic terms and disputes over those terms could disadvantage Neptune in future acquisition-related negotiations with third parties. *See*, *e.g.*, *Gracyzk v. Verizon Commc'ns, Inc.*, No. 18 Civ 6465 (PGG), 2020 WL 1435031, at *8-*9 (S.D.N.Y. Mar. 24, 2020) (granting party's request to seal portions of contracts that contained "sensitive financial information" that would cause them to suffer "competitive disadvantage in future negotiations"). Courts routinely exercise their judicial discretion to seal records to protect parties from harm of this nature. *See*, *e.g.*, *Standard Inv. Chartered, Inc.*, 347 F. App'x at 617 (2d Cir. 2009) (finding that presumption of public access was overcome when disclosure would subject a party to financial harm and cause significant competitive disadvantage); *PDV Sweeny*, 2014 WL 4979316, at *3 (granting a motion to seal "with respect to those documents . . . containing sensitive commercial information affecting the parties' ongoing relationship"). Moreover, disclosure of the confidential acquisition terms and related competitively sensitive financial information provides no specific benefit to the public, including competitors. The competitive disadvantages that would flow to Neptune if such information were disclosed outweighs the general public interest in disclosure. *See Lugosch*, 435 F.3d at 120.

### Conclusion

For the reasons stated above, Neptune respectfully requests that this Court enter an Order: (1) sealing the unredacted version of the Brief; (2) maintaining the redactions of the publicly filed version of the Brief; and (3) sealing the Exhibits.

If this request is acceptable to Your Honor, a So Ordered line is set forth below for the convenience of the Court.

Respectfully submitted,

*s/ Eric S. Hochstadt*

Eric S. Hochstadt

Hon. Vernon S. Broderick   **Weil, Gotshal & Manges LLP**
July 2, 2021
Page 4


cc:  All counsel via ECF


SO ORDERED:

Dated:  August 4, 2021                                    ___/s/ Alvin K. Hellerstein_____
                                                         Honorable Alvin K. Hellerstein
                                                         U.S. District Court Judge